NOT DESIGNATED FOR PUBLICATION

No. 126,431

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DYLLON ALAN TUCKER
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; MABAN WRIGHT, judge. Opinion filed March 15, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.


PER CURIAM: Dyllon Alan Tucker appeals the district court's revocation of his probation after he committed new offenses while on probation and failed to abide by other conditions of probation. We granted a motion for summary disposition under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.


FACTUAL AND PROCEDURAL HISTORY


In July 2022, Tucker agreed to plead guilty in Shawnee County case No. 20CR263 (Case 1) to felony charges of criminal possession of a weapon and fleeing or attempting to elude a police officer. Under the plea agreement, Tucker also agreed to plead guilty to

1

felony charges of theft and interference with law enforcement in Shawnee County case No. 19CR2161 (Case 2). In exchange, the State agreed to dismiss several other charges in both cases. Tucker later moved for a dispositional departure to probation in both cases.

At sentencing in September 2022, the district court granted Tucker's motion for a departure but ordered the underlying sentences to run consecutive. The court found Tucker had a criminal history score of A in Case 1 and imposed a total underlying sentence of 24 months in prison suspended to the terms of a 12-month probation. In agreeing to depart, the court noted Tucker had taken responsibility for his crimes, had family support, needed to support his special needs daughter, his prior person crimes were somewhat aged, and he was employed.

Just three months later, the State moved to revoke Tucker's probation based on several alleged violations, including failing to remain law abiding or remain drug free. An affidavit included with the motion alleged that Tucker had been arrested on charges of felony criminal possession of a weapon by a convicted felon, felony and misdemeanor counts of possession of a stolen property, and felony use or possession with intent to use of drug paraphernalia. Tucker had also admitted to using marijuana in September 2022—the night before he was sentenced in this case.

The district court held an evidentiary hearing on the motion to revoke his probation in March 2023. The State presented testimony from three City of Topeka police officers who had handled the vehicle theft investigation—during which the officers also discovered marijuana and a firearm in Tucker's possession—that resulted in Tucker's new arrest.

Tucker's probation officer also testified. She noted that he had been reporting consistently after bonding out of jail on the new charges in February 2023. Tucker had completed several classes required for his probation, including moral recognition therapy

and 24/7 Dads. Tucker also began working full-time the week before the evidentiary hearing and had been attending outpatient treatment with no positive UAs. The probation officer did not believe revocation was warranted because Tucker had been adhering to every probation order set forth, stayed clean, and gotten a job. She believed a longer sanction would derail the progress that Tucker had made because he would likely lose his job.

Based on the evidence presented, the district court found the State had proven the probation violations by a preponderance of the evidence. As for disposition, Tucker argued the recommendation by his probation officer justified a three-day sanction with credit for time served and anything more would hinder Tucker's efforts at being successful on probation.

The district court revoked Tucker's probation, noting that he had received a dispositional departure and had continued to engage in criminal behavior while on probation. The court also took judicial notice of yet another pending case in which Tucker had been charged with criminal restraint and domestic battery. The court stated that any improvements Tucker had made were "too little too late."

Tucker timely appealed.

ANALYSIS

Tucker argues the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence, rather than imposing an intermediate sanction. To be clear, because this appeal only concerns Case 1, we are only tasked with reviewing whether the district court acted appropriately in revoking probation and ordering Tucker to serve the underlying 24-month sentence in that case.

3

The general procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Once the State has presented evidence establishing a violation of the conditions of probation, the district court has discretion to revoke probation and impose the underlying sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the asserting party, Tucker must show that an abuse of discretion occurred. See 315 Kan. at 328.

Tucker does not dispute that he violated his probation by committing new offenses or that the district court had the legal authority to revoke his probation. See K.S.A. 22-3716(c)(7)(B) (authorizing probation revocation without intermediate sanctions where probation was originally granted because of a dispositional departure); K.S.A. 22-3716(c)(7)(C) (authorizing probation revocation without intermediate sanctions where offender commits a new felony or misdemeanor while on probation). Although the district court did not specifically state it was relying on the dispositional departure exception, as Tucker acknowledges, the Kansas Supreme Court has held courts are not required to explicitly state reliance on that exception when revoking probation. See *Tafolla*, 315 Kan. at 330-31.

Tucker contends that revocation of probation was not warranted given (1) that it was his first alleged violation hearing, (2) his probation officer did not believe revocation was warranted; (3) a jail sanction would have been appropriate, and (4) he has a special needs daughter. Yet Tucker does not claim the district court's decision resulted from a legal or factual error, so we are left with determining whether no reasonable person would agree with the district court's decision to revoke his probation and impose the underlying sentence. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

4

We cannot conclude that no reasonable person would agree with the district court's decision to revoke Tucker's probation and impose the underlying sentence. While Tucker is correct that a jail sanction is an appropriate disposition for an initial probation violation, Kansas law authorizes the district court to bypass intermediate sanctions when the probation was originally granted as a dispositional departure or when the probationer commits new crimes. K.S.A. 22-3716(c)(7)(B), (c)(7)(C). Both factors are present here. Tucker was facing a presumptive prison sentence because of his extensive criminal history, yet the district court showed him leniency by granting probation. Tucker then continued engaging in criminal behavior, including two new felonies and two new misdemeanors only 3 months into his 12-month probation term. In addition, the fact that Tucker committed his underlying offense while already on parole for a felony bolsters this conclusion. As for Tucker's other asserted mitigating factors, we are not persuaded the district court abused its discretion by reaching the conclusion it did based on the circumstances.

Affirmed.